FILED

### IN THE UNITED STATE DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA

Civil Action No. 1:12cv632-CMH/TCB

2012 JUN -8  A  9: 14

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Kurt Mueller
    *Pro Se*
    Plaintiff,

    v.

UNITED STATES NATIONAL PARK SERVICE

Jonathan Jarvis, Director of The National
Park Service, in his official capacity;

Karen Pittleman, Director, Wolf Trap
National Park for the Performing Arts,
in her official capacity; and

Duane Erwin, Chief Ranger of the
Wolf Trap National Park for the
Performing Arts, in his official capacity.

        Defendants

----------------------------------------

## NATURE OF THE CLAIMS

1.    Plaintiff seeks declaratory and injunctive relief for Defendant's deprivation of the right to possess a concealed firearm as authorized by both Virginia state statute and Federal law.

## JURISDICTON

2.    This court has jurisdiction over Plaintiffs' claims for relief pursuant to 5 USC § 706, because this action is brought against a federal agency for violation of the Administrative Procedures Act, 5 USC §500 *et seq*. Additionally, the jurisdiction of this court is invoked pursuant to a federal question under 28 USC §1331.

## VENUE

3.   Venue rests properly in this Court pursuant to 28 USC § 1391(b) and (e), because, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, a substantial part of property that is the subject of the action is situated in this district, and a defendant in the action resides within this judicial district.

## PARTIES

4.   Plaintiff Kurt Mueller is a resident of the commonwealth of Virginia, residing at 251 S Reynolds St M117, Alexandria, VA 22304. Plaintiff proceeds *pro se*.

5.   Defendant Jonathan Jarvis is the Director of the National Park Service, located at 1849 C Street NW, Washington, DC 20240. The defendant is being sued in his official capacity as the head of the National Park Service, a US Government Agency.

6.   Defendant Karen Pittleman is the Director for the National Park Service's facility at Wolf Trap National Park for the Performing Arts, located at 1645 Trap Road, Vienna, Virginia 22182. The defendant is being sued in her official capacity as an agent of the National Park Service, a US Government Agency.

7.   Defendant Duane Erwin is the chief ranger for the National Park Service's facility at Wolf Trap National Park for the Performing Arts, located at 1645 Trap Road, Vienna, Virginia 22182. The defendant is being sued in his official capacity as an agent of the National Park Service, a US Government Agency.

## STATEMENT OF FACTS

8.   Plaintiff has been issued a resident permit to carry a concealed handgun by the Commonwealth of Virginia, Circuit Court of Fairfax pursuant to Section 18.2-308, Code of Virginia. This permit was issued on 04/29/2008 and expires on 04/29/2013.

9.   Plaintiff has been issued a non-resident concealed weapon or firearm license by the State of Florida pursuant to section 790.06, Florida Statues. This permit was issued on 03/27/08 and expires on 03/19/13. A non-resident Florida concealed weapon or firearms license is given equal effect as a resident Virginia concealed handgun permit within the Commonwealth of Virginia pursuant to Section 18.2-308, Code of Virginia.

10.   16 USC §1A-7B(b) states that "The Secretary of the Interior shall not promulgate or enforce any regulation that prohibits an individual from possessing a firearm including an assembled or functional firearm in any unit of the National Park System or the National Wildlife Refuge System if (1) the individual is not otherwise

prohibited by law from possessing the firearm and (2) the possession of the firearm is in compliance with the law of the State in which the unit of the National Park System or the National Wildlife Refuge System is located."

11. While visiting Wolf Trap park, plaintiff observed signs posted at the entrance to the Filene Center that prohibits any person entering from the possession of firearms. This sign by its own terms applies to anyone entering any part of the Filene Center, including the open areas and the lawn seating area. These signs cite as authority 18 USC §930.

12. 18 USC §930(a) states "Except as provided in subsection (d), whoever knowingly possesses or causes to be present a firearm or other dangerous weapon in a Federal facility (other than a Federal court facility), or attempts to do so, shall be fined under this title or imprisoned not more than 1 year, or both."

13. 18 USC §930(g)(1) states "The term 'Federal facility' means a building or part thereof owned or leased by the Federal Government, where Federal employees are regularly present for the purpose of performing their official duties."

14. 18 USC §930(d)(3) provides that 18 USC §930(a) does not apply if "the lawful carrying of firearms or other dangerous weapons in a Federal facility [is] incident to hunting or other lawful purposes."

15. Karen Pittleman wrote a letter on Jul 13, 2010, in which she stated that "patrons may not lawfully bring firearms into the Filene Cetner, including its lawn viewing area". Although this letter was not drafted to plaintiff, plaintiff is under the belief and understanding that this letter accurately reflects current policy at Wolf Trap. Exh. 1.

16. Plaintiff has obtained a ticket for the lawn seating area of the Filene Center for the event *Rock of Ages*, presently scheduled to occur on September 9th, 2012. In addition, Plaintiff intends to purchase lawn seating tickets for events taking place in 2013, although such tickets are not presently on sale. The policies of the defendant presently interfere with the ability of Plaintiff to attend this event or events in the future while in possession of a concealed firearm.

## LEGAL ALLOGATIONS

17. Plaintiff hereby reallege and incorporate the allegations in the preceding paragraphs as if the same were fully set forth here.

18. Defendant lacks the legal authority to prohibit persons having a valid concealed handgun permit from possessing a concealed handgun while visiting either the lawn seating area or the adjacent open areas of the Filene Center of Wolf Trap National Park.

19. The lawn seating area and adjacent open areas of the Filene Center at Wolf Trap is not a federal facility within the meaning of 18 USC §930(g)(1), because the open air environment prevents the lawn seating area from being a federal facility because it is not a "building or part thereof". See U.S. v. RODRIGUEZ, 460 F.Supp.2d 902, 911 (S.D. Ind. 2006) (holding that a USPS parking lot fenced in by chain-link topped with razor wire was not "a building or part thereof").

20. Even assuming arguendo that the lawn seating area is a federal facility within the meaning of 18 USC §930(g)(1), plaintiff would still be permitted to possess a firearm while visiting the lawn seating area of the Filene Center under the exception provided by 18 USC §930(d)(3), because plaintiff would be "lawfully carrying [a] firearm ... incident to ... other lawful purposes" (e.g., the lawful purpose of attending a performance).

21. By promulgating a policy that is specifically contrary to federal law, defendant is in violation of the Administrative Procedure Act, 5 USC §500 et seq. As a result, the policy is void ab initio.

## REQUEST FOR RELEIF

Therefore, the Plaintiff respectfully requests that this court:

22. Declare that the interpretation provided by Defendants of 18 USC §930 is inconsistent with a plain textual reading of the statutory provisions provided;

23. Permanently enjoin Defendants, their officers, agents, servants, employees, and all other persons acting in concert or participation with them, from prohibiting plaintiff from entering the lawn seating area of the Filene Center of Wolf Trap National Park for the purposes of attending a ticketed event while in possession of a concealed firearm and while in possession of a concealed carry permit recognized as valid by the commonwealth of Virginia;

24. Grant such additional further relief which the court may deem appropriate or equitable.

Kurt Mueller
Pro Se

251 S Reynolds St M117
Alexandria, VA 22304
(202) 670-3496



## United States Department of the Interior

NATIONAL PARK SERVICE
Wolf Trap National Park for the Performing Arts
1551 Trap Road
Vienna, Virginia 22182



IN REPLY REFER TO

A3615 (NCR-WOTR)

JUL 1 3 2010

Richard E. Gardiner, Esquire
3925 Chain Bridge Road, Suite 403
Fairfax County, Virginia 22030

Dear Mr. Gardiner:

This responds to your letter to Chief Ranger Duane Erwin of the Wolf Trap National Park for the Performing Arts, dated June 2, 2010, regarding your view that patrons may legally bring firearms into the Filene Center, including its lawn viewing area. Your letter first contends that the Filene Center's lawn viewing area is not a "Federal facility" under 18 U.S.C. § 930(g)(1) where firearms are prohibited. You also contend that any person with a Virginia concealed carry permit may carry a concealed handgun into a Federal facility like the Filene Center pursuant to 18 U.S.C. § 930(d)(3)'s provision that firearms or other dangerous weapons may be lawfully carried into a Federal facility "incident to hunting or other lawful purposes." The National Park Service (NPS) disagrees with both contentions and declines to revise its position that patrons may not lawfully bring firearms into the Filene Center, including its lawn viewing area.

Wolf Trap National Park for the Performing Arts and its Filene Center were established by Congress as a national park for the performing arts and related educational purposes (16 U.S.C. §§ 284, 284c, 284j(3)). The Filene Center consists of the performance area, a covered seating area, and an uncovered lawn viewing area, which at present can accommodate a total of approximately 7,000 patrons. These patrons generally pay for either covered seating or the use of the lawn viewing area to enjoy performances. While about 3,800 seats are located under cover, the uncovered sloping lawn viewing area can accommodate about 3,200 patrons. The Filene Center is also entirely enclosed by a fence, and during performances, access to it is limited to ticketed patrons. At each public entrance, the NPS has conspicuously posted a notice that firearms are prohibited pursuant to 18 U.S.C. § 930.

Given the long-standing design, usage, and treatment of the covered portion of the Filene Center and its lawn viewing area as an integral unit, the lawn viewing area is part of this "Federal facility" where firearms are prohibited, insofar as it constitutes a building *or part thereof* under 18 U.S.C. § 930(g)(1) (emphasis added).

(2)

Furthermore, the "lawful purpose" exception found at 18 U.S.C. § 930(d)(3) does not allow patrons to carry firearms or other dangerous weapons into the Filene Center, including its lawn viewing area. The mere fact that an individual may have a state-issued license to carry a firearm, and carries that firearm for self-defense, does not mean that there is a "lawful purpose" for bringing that firearm into a Federal facility; if that were the case, the exception would essentially swallow the statute and divest the prohibition of firearms in Federal facilities of any real meaning.

Although this may be a new question for the National Park Service, our interpretation of this provision is consistent with the views of other Federal agencies. Your suggested interpretation would divest the Federal government and its agencies of the right to guard against violence in Federal facilities, and without any basis construes this Federal statute as adopting state law for this purpose – an impermissible result in view of the language of 18 U.S.C. § 930(a) and in turn the Supremacy Clause of the United States Constitution.

The Supreme Court recently asserted that its opinion in District of Columbia v. Heller, 128 S. Ct. 2783, 2817 (2008), should not be read to cast doubt on longstanding prohibitions on firearms possession, including those "forbidding the carrying of firearms in sensitive places such as schools and government buildings," thus specifically referencing the Federal prohibition you now question. Moreover, Virginia law recognizes that such licenses do not supersede other legal prohibitions on carrying weapons and thus do not establish the lawful purpose you suggest: "The granting of a concealed handgun permit shall not thereby authorize the possession of any handgun or other weapon on property or in places where such possession is otherwise prohibited by law." VA Code Ann. § 18.2-308(O).

Thank you for taking the time to write to us on this matter.

Sincerely,

Karen Pittleman
Director, Wolf Trap National Park for the Performing Arts